VANCE
v.
BANK OF IN-
DIANA.

## VANCE and Another *v.* The Farmers and Mechanics' BANK OF INDIANA.

Where a corporation sues, the declaration needs not aver, that their attorney at law had been appointed under the corporate seal.

The charter of the Farmers and Mechanics' Bank of *Indiana* needs not be pleaded: it is recognized by the constitution of the state, and is a public statute.

*Friday,*
*August 4.*

ERROR to the *Dearborn* Circuit Court.—This was an action of debt by the Farmers and Mechanics' Bank of *Indiana*, on a promissory note. The declaration did not aver, that the attorney at law for the bank had been appointed under the *corporate* seal; nor did it set out the act of incorporation. General demurrer to the declaration, and joinder in demurrer.—Judgment in favour of the bank.

SCOTT, J.—The question appears not to be well settled, whether the seal of a corporation is or is not necessary, to authorize an attorney to appear on their behalf. The authorities on this point do not agree; and it is unnecessary to decide this question at present, as it is a matter which needs not be set out in the declaration, and, therefore, has nothing to do with the decision of the case before us (1).

There is nothing in the second objection. The Farmers and Mechanics' Bank of *Indiana*, at the commencement of the state government, was recognized by the constitution as an existing corporate body, according to the charter granted to the bank by the legislature of the *Indiana* territory; and must be noticed by the Courts as a public statute. Bull. N. P. 224.—2 T. R. 569.—6 Bac. Abr. 374.—4 Cranch, 388 (2).

We think, therefore, that the Circuit Court acted correctly in overruling the demurrer, and rendering judgment for the plaintiff below.

HOLMAN, J., was absent in consequence of indisposition.

*Per Curiam.*—The judgment as to the debt, is affirmed: as to the damages, reversed with costs, that part being erroneous. Cause remanded, &c.

*Caswell*, for the plaintiffs.

*Lane*, for the defendant.

(1) *This question is now* settled. On an appeal to the Supreme Court of the *U. S.* from a decree obtained by the *U. S.* bank, one of the errors assigned was, that no authority from the bank for the institution of the suit appeared in the record. It was admitted, that *The Bank of Columbia* v. *Patterson,* 7 Cranch, 299, had overruled the old doctrine, that a corporation could not contract except under their common seal; but it was contended, that its appointment of an attorney must be under the common seal: at all events, that the authority, in whatever way conferred, should appear in the record. The Court held, that though a corporation can only appear by an attorney who has received his authority from the corporation, the principle settled in the case above cited, shows that the seal may be dispensed with. They said, that the authority of an attorney *in fact* to appear in Court for natural persons should be produced; but as to an attorney *at law,* though the power must exist, its production is not indispensable: that the appearance in a cause of gentlemen of the profession, licensed by the government, and admitted by the Court, to represent suitors generally, is evidence of their authority; and that the reason of the rule is as applicable to their appearance for a corporation as for a natural person. They said also, that the non-appearance of a warrant of attorney in the record is a formal objection, cured by the statutes of amendment and jeofails; and that Courts of chancery ought not to be more rigid in exacting the exhibition of a warrant of attorney, than Courts of law. *Osborn* v. *U. S. Bank,* 9 Wheat. 738, 829.—Vide also *The Corporation of Washington* v. *Young,* 10 Wheat. 406.

(2) 1. Acts are deemed to be *public* and *general acts,* which the judges will take notice of without pleading, viz. acts which concern all officers in general, such as all sheriffs, &c.; acts concerning trade in general, or any specific trade; acts concerning all persons generally; though it be a special or particular thing, such as a statute concerning assizes, or woods in forests, chases, &c. 2. *Private acts* are those which concern only a particular species, thing, or person, of which the judges will not take notice without pleading them, viz. acts relating to the bishops only; acts for toleration of dissenters; acts relating to any particular place, or to diverse particular towns, or to one or diverse particular counties, or to the colleges only in the universities. 3. In a *general act* there may be a *private* clause; and a *private act,* if recognized by a *public act,* must afterwards be noticed by the Courts as such. 6 Bac. Abr. 374, note.